## W. D. McCAULLEY, v. J. I. CASE THRESHING MACHINE COMPANY, Appellant.

**New trial:** NEWLY DISCOVERED EVIDENCE. To warrant the granting of a new trial on the ground of newly discovered evidence reasonable diligence in endeavoring to discover the same before the trial must be shown.

In this action the defendant was negligent in failing to discover evidence of the date at which notice of the sale of mortgaged property was posted and was therefore not entitled to a new trial.

*Appeal from Tama District Court.*—HON. C. B. BRADSHAW, Judge.

FRIDAY, MAY 12, 1911.

Action for the value of property alleged to have been converted, which resulted in judgment against defendant, from which it appeals. *Affirmed.*

*Cary, Upham & Black, Craig T. Wright* and *C. E. Walters,* for appellant.

*J. M. Whitaker* and *Struble & Stiger,* for appellee.

Ladd, J.—Plaintiff was owner of a threshing outfit, wagon, and two horses near Hawarden, in Sioux county, where he had been threshing in the fall of 1905. He had returned to Tama county, where he resided, when the defendant seized the property under certain chattel mortgages securing an indebtedness of plaintiff to it, amounting to $690 at the time of trial, and on November 27, 1905, sold the same at foreclosure sale. In his petition plaintiff demands the value of the property, alleging conversion. The defendant admitted taking and disposing of it, but pleaded in justification the mortgages, and alleged the sale of the property under foreclosure thereof. In reply, plaintiff denied that the mortgages were ever foreclosed in the manner exacted by their terms or the law, and averred that the sale was irregular and fraudulent, and, further, that plaintiff was without notice of any kind. The evidence disclosed that though defendant was aware that plaintiff resided in Tama county, it seized and disposed of the property without advising him thereof, save by posting three notices, concerning which a former agent of defendant, McCord, in a deposition taken by plaintiff, testified: "There were three notices posted in three public places in accordance with the law in every detail eight days prior to the day of sale." The mortgages required ten days' notice of the sale to be given, and the above excerpt from McCord's testimony was the only evidence adduced relating to such notice. The court instructed the

jury that if the notices were posted but eight days prior to the date of the sale, and the mortgages required ten days' notice thereof, the foreclosure sale was irregular, and plaintiff should be allowed whatever sum the value of the property exceeded the amount of the incumbrances. A verdict for $677.43 was returned.

Thereafter defendant moved for a new trial on the ground of newly discovered evidence, and error is assigned on the order overruling this motion. It seems that subsequent to the trial defendant's attorney requested it to examine its expense accounts and reports of McCord, to ascertain what they would show as to him being at Hawarden or vicinity about the time of the sale, and upon search being made a letter from H. G. Leggett to McCord was found, reciting that he had posted the notices of the sale in controversy, and this letter was forwarded to the attorney, who until then supposed he had all the correspondence in defendant's possession bearing thereon. The attorney made affidavit that he had been told by Mc-Michaels, the general collection agent of the company, who was present at the sale, that McCord had served the notices, and that he relied on this, in connection with McCord's deposition and his sworn return to the company of the foreclosure sale, containing a recital: "Three notices posted in three public places in Sioux county, Iowa, as per terms of chattel mortgages." Leggett's affidavit that, at the instance of McCord, he posted the three notices more than ten days prior to the sale also was filed. The contention that the attorney was misled as to the timely service of notice being in issue is without foundation. The answer alleged, "Due notice of such sale having theretofore been given for the time and in the manner provided in said chattel mortgages," and the reply put this in issue. Moreover, the deposition of McCord, reciting that eight days' notice had been given, had been on file for three months prior to the trial, so that assuming the

attorney to have acted with proper diligence he must have conducted the trial in behalf of defendant on the theory that the foreclosure sale was irregular, and that the only questions for the jury to determine were the value of the property when sold and the amount of the incumbrances.

Had defendant cared to show that ample notice of the sale had been given, it would have searched its correspondence in ascertaining the facts before, rather than after, the trial, and have undertaken to prove what it had alleged. It will be noted that McCord did not assert in his sworn return to the company, nor in his deposition, that he served the notices, so that the attorney could only have relied on the statement of McMichaels that he had done so, and this did not purport to give the details. But McMichaels was an agent of the company, and correspondence then in its hands disclosed that Leggett had served the notices, and, even though the attorney was not aware thereof, the company must be charged with such knowledge, for, upon inquiry, it promptly produced Leggett's letter. Again, though fully aware of McCord's somewhat ambiguous answer, defendant made no effort to ascertain from him the facts .with respect to who served the notices and when this was done. The record is convincing that defendant went to trial without preparation to prove its allegation that the sale was on due notice, and, after an adverse verdict, the result of its inquiry into the facts which, had it been ordinarily diligent, would have been made before the trial, ought not to be available in support of a motion for new trial. Had it been reasonably diligent, the newly discovered evidence would have been adduced at the trial, and this being so, the trial court rightly overruled the motion for new trial. *Affirmed.*